UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN WESLEY BEAN,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

Case No. 2:18-cv-11991

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS [16],
ADOPTING REPORT AND RECOMMENDATION [15],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]**

The Commissioner of the Social Security Administration ("SSA") denied

Jonathan Wesley Bean's application for supplemental security income and disability

insurance benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF

7-2, PgID 112–22. After the SSA Appeals Council declined to review the ruling, Bean

appealed. *See Bean v. Comm'r of Soc. Sec*, 2:15-cv-11989 (E.D. Mich. June 2, 2019).

On January 27, 2016, Judge Bernard A. Friedman remanded the case for further

administrative proceedings. ECF 7-14, PgID 794–807.

On September 22, 2016, the ALJ held a new hearing and determined that Bean

was not disabled within the meaning of the Social Security Act. ECF 7-12, PgID 655–

77. Bean again appealed to the SSA Appeals Council, and the council again denied

the appeal. *Id.* at 641–44. Bean appealed the denial. ECF 1. The Court referred the

matter to Magistrate Judge Anthony P. Patti and the parties filed cross-motions for

summary judgment. ECF 2, 11, 14. The magistrate judge issued a Report and Recommendation ("Report") and advised the Court to deny Bean's motion and grant the Commissioner's motion. ECF 15. Bean timely objected to the Report. ECF 16. After examining the record and considering Bean's objections, the Court concludes that his arguments lack merit. The Court will therefore overrule Bean's objections, adopt the Report's findings, deny Bean's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The Report properly details the events giving rise to Bean's action against the Commissioner. ECF 15, PgID 1222–26. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Individuals who receive an adverse final decision from the Commissioner of Social Security may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may

consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys.–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends on whether a party files objections. The Court need not undertake any review of portions of the Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When conducting a de novo review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

Bean raises two objections. The Court will address each in turn.

I.    Objection 1

First, Bean objects to the magistrate judge's finding "that the ALJ's decision was supported by substantial evidence." ECF 16, PgID 1251. Bean does not, however, contest the magistrate judge's specific findings. Instead, he makes broad claims that the "ALJ and the [magistrate judge] misconstrued evidence." *Id.* at 1252. But, Bean

does not point to any specific evidence to explain how the ALJ or magistrate judge's determinations were inconsistent with the evidence. Bean also contends that "SSA regulations were not followed," but does not cite any specific regulations or explain what specific portions of the ALJ or magistrate judge's opinions diverged from regulations. *Id.* at 1251. Non-specific objections to a magistrate judge's report and recommendation are improper and do not require de novo review. *See Jidas v. Comm'r of Soc. Sec.*, No. 17-cv-14198, 2019 WL 1306172, at *1–2 (E.D. Mich. Mar. 22, 2019). The Court therefore need not review Bean's first objection de novo.

Bean claims that "the ALJ and [magistrate judge] misconstrued evidence regarding his severe back problems, constant headaches, the impact of his obesity on his abilities, and his depression." ECF 16, PgID 1252. Bean does not, however, state with particularity what evidence the ALJ or the magistrate judge misconstrued, or how that evidence was misconstrued. Bean's objection will be denied.

II.     Objection II

Second, Bean contends that the magistrate judge "erred when he determined that the ALJ properly evaluated and considered Plaintiff's obesity and the side effects of Plaintiff's many medications." ECF 16, PgID 1253. Bean's second objection rehashes arguments he already presented in his motion for summary judgment that the Report addressed and rejected. *Compare* ECF 11, PgID 1180–82 *with* ECF 16, 1253–54. Bean's challenge was "not a proper objection to the [Report,] as required by Fed. R. Civ. P. 72(b), because it merely rehashe[s] [Bean's] arguments." *See Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at *2 (E.D. Mich. Aug. 31, 2017) (citing

*Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at \*2 (E.D. Mich. Feb. 25, 2008)). The Court is therefore not obligated to address the objection. *Markgraff v. Comm'r of Soc. Sec.*, No. 17-cv-10511, 2018 WL 654838 at \*2 (E.D. Mich. Jan. 31. 2018) (citing *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47 2013 WL 1304470 (W.D. Mich. Mar. 28, 2013)).

Moreover, Bean's objection is misplaced. He alleges that the ALJ's assessment of his obesity and medication side effects "is simply conclusory." ECF 16, PgID 1254. But the ALJ adequately reviewed and analyzed the facts regarding Bean's obesity and medication side effects and found that "the record [did] not demonstrate that obesity or medication side effects over[rode] the claimant's intact functioning to a disabling degree." *See* ECF 7-12, PgID 672; *see also* ECF 15, PgID 1234. The ALJ's finding was not conclusory, and the Court will overrule Bean's second objection.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Bean's objections. The Court finds Bean's objections meritless and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Bean's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Bean's objections [16] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [15] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Bean's motion for summary judgment [11] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment [14] is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 25, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 25, 2019, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager